U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

JAN 0 6 2009

ROBERT H. SHEMWELL, CLERK
BY _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ROY TAYLOR | CIVIL ACTION NO. 05-2041 |
| VERSUS | JUDGE DONALD E. WALTER |
| WARDEN LOUISIANA STATE PENITENTIARY | MAGISTRATE MARK HORNSBY |

## ORDER

Before this Court is a Motion for Reconsideration [Record Document 21], filed by Plaintiff Roy Taylor ("Taylor") wherein he asks this court to reconsider its April 23, 2008, Order denying Taylor's Certificate of Appealability.

The Federal Rules of Civil Procedure do not recognize a "motion for reconsideration" *in haec verba*. Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir. 1990). However, courts have consistently stated that when a motion is so denominated and filed more than ten days after the rendition of judgment, Rule 60(b) is applicable. Id. Rule 60(b) provides a party relief from a final judgment, order, or proceeding, upon a showing of: "(1) mistake, inadvertence, or excusable neglect, (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b), (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party..." or "any other reason that justifies relief."

On April 21, 2008, this Court denied Taylor's Certificate of Appealability for failure to demonstrate a substantial showing of the denial of a constitutional right. [Rec. Doc. 17]. Taylor has

1

not established any of the Rule 60(b) enumerated factors that would justify granting a Motion to Reconsider.

Accordingly, **IT IS ORDERED** that Taylor's Motion for Reconsideration [Rec. Doc. 21] be and is hereby **DENIED**.

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 6th day of January, 2009.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE